United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PAULINA CARY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-06047** |
| | § | |
| **HOUSTON COMMUNITY COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Paulina Cary's case, once part of a consolidated employment discrimination case against Houston Community College ("HCC"), began with a straightforward allegation: Cary, a Black instructor at HCC, was denied teaching opportunities because of her race and faced retaliation for challenging HCC's course-assignment practices. But after multiple amendments, a prior dismissal under Rule 12(b)(6), and HCC's challenge under Rule 12(c), her case remains where it began: Cary must plausibly connect her alleged injuries to an HCC policy or custom that was the moving force behind the alleged violations, as required by *Monell v. Department of Social Services of the City of New York*. Her latest effort does not cure that fundamental defect.

Before the Court are HCC's Motion for Judgment on the Pleadings, (Dkt. No. 64), and Cary's Motion for Leave to File her Third Amended Complaint, (Dkt. No. 66). For the reasons stated below, the Court **DENIES** Cary's Motion for Leave to File her Third Amended Complaint, (Dkt. No. 66), **STRIKES** Cary's Third Amended Complaint, (Dkt. No. 67), and **GRANTS** HCC's Motion for Judgment on the Pleadings, (Dkt. No. 64).

# I. BACKGROUND

## A. FACTS

Paulina Cary is a Black instructor at Houston Community College.[1] Cary alleges that HCC discriminated against her based on her race by denying her opportunities to teach overload courses[2] and remote classes. (Dkt. No. 64 at 1). She also alleges that HCC retaliated against her after she complained about HCC's class assignment method by further excluding her from overload and remote teaching opportunities. (Dkt. No. 64 at 1–2).

Cary originally sued HCC in May 2022 as part of a larger employment-discrimination action involving other HCC employees. (Dkt. No. 1). Judge Lynn N. Hughes previously dismissed her claims without prejudice, finding that Cary failed to plead how HCC's "policy was the moving force of her inability to teach" overload courses. (Dkt. No. 16 at 1–2, 14) ("The last element, whether the policy was the moving force behind the violation of each employee's rights, depends on the factual circumstances of each employee."). Judge Hughes permitted Cary to replead, (*Id.* at 19), and she filed her Second Amended Complaint on September 30, 2022, (Dkt. No. 64 at 2).

Cary's Second Amended Complaint includes claims for discrimination and retaliation under 42 U.S.C. § 1981, enforced against HCC through 42 U.S.C. § 1983. (Dkt.

---

1 Houston Community College ("HCC") is considered a local government entity. *See Jones v. Houston Comm. College Sys.*, No. 4:10-02356, 2012 WL 3155573, at *7 n.3 (S.D. Tex. Aug. 2, 2012).

2 "Overload courses" are courses allotted to an instructor in addition to the instructor's normal teaching load. They correspond to the extra courses available on HCC's Master Course. (Dkt. No. 65 at 2).

No. 64 at 4). She alleges that HCC denied her opportunities to teach overload classes because of her race. (*Id.* at 1). She also alleges that HCC retaliated against her after she complained about course assignments by continuing to exclude her from remote-work opportunities, which resulted in her pay being less than her co-workers. (*Id.* at 2–3). Her Complaint alleges that Chancellor Cesar Maldonado created a plan to intentionally disfavor Black employees in favor of Hispanic and White employees in matters of hiring and advancement (the "Displacement Policy"). (Dkt. No. 19 at 2–3, 8–10).

### B. PROCEDURAL HISTORY

The initial lawsuit, styled *Zelia Brown v. Houston Community College*, No. 4:20-CV-02186, was filed on June 19, 2020. Two related lawsuits followed: *Jeffrey Austin, et al. v. Houston Community College*, No. 4:21-CV-00686, filed March 1, 2021, and *Jimmy Adams, et al. v. Houston Community College System*, No. 4:22-CV-01547, filed on May 13, 2022. Cary was a plaintiff in the *Adams* lawsuit. (Dkt. No. 52 at 4). All three cases were initially assigned to Judge Hughes and were later transferred to the undersigned on February 13, 2023. (Dkt. No. 28). In total, 119 plaintiffs brought claims of racial discrimination, gender discrimination, and/or retaliation against HCC during Chancellor Cesar Maldonado's tenure at HCC. (Dkt. No. 52 at 2).

Counsel for the parties reached a global settlement of all claims in all three lawsuits. (*Id.* at 4). One hundred seventeen of the 119 plaintiffs approved the final settlement. (*Id.*). Cary was one of the two who rejected the proposed global settlement. (*Id.*). Her counsel moved to withdraw. (Dkt. No. 57 at 4–5). The Court granted the Motion to Withdraw, (Dkt. No. 59), permitted Cary to seek alternative counsel, (*Id.* at 3),

but made clear that the case would not be paused or stayed in the meantime, (*Id.*). The Court severed Cary's claims into this separate action, (Dkt. No. 64 at 2), and Cary now proceeds *pro se*. (Dkt. No. 65 at 7–8).

On December 19, 2025, HCC moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), seeking dismissal of Cary's claims in her Second Amended Complaint. (Dkt. No. 64 at 1–3). HCC argued that Cary failed to plausibly plead municipal liability under *Monell* for her discrimination and retaliation claims. (*Id.* at 3, 13–14). On January 9, 2026, Cary moved for leave to file a Third Amended Complaint and filed the proposed pleading. (Dkt. Nos. 66, 67). HCC filed its Reply in Support of its Rule 12(c) Motion, (Dkt. No. 68), and Response to Cary's Motion for Leave to Amend, (Dkt. No. 69).

## II. LEGAL STANDARD

### A. MOTION FOR LEAVE

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam). But "[w]hen a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins,* 544 F.App'x 418, 420 (5th Cir. 2013) (per curiam). On one hand, "Rule 15 governs motions to amend made *before* the expiration of a scheduling order's deadline." *Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prods., Inc.,* 410 F.App'x 738, 740 (5th Cir. 2010) (per curiam) (emphasis added). On the other hand, Rule 16(b) governs "when leave to amend would require modification of the scheduling

order." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). That is, when "a party seeks to amend pleadings in a fashion that would alter a deadline imposed by a scheduling order, Rule 15 is superseded by Rule 16." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021).

Under Rule 16, "a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge." *S&W Enters.*, 315 F.3d at 535 (internal quotations omitted). A district court has broad discretion in determining whether to allow amendment under Rule 16(b)(4). *See Rios v. City of Conroe*, 674 F.App'x. 366, 368 (5th Cir. 2016). Rule 16's "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Courts consider four factors in determining whether good cause exists: (1) the party's explanation for failing to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (internal quotations and alterations omitted).

Only after the movant demonstrates good cause under Rule 16(b)(4) will "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *S&W Enters.*, 315 F.3d at 536. Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." A court should deny leave

to amend if it determines that the proposed change "clearly is frivolous or advances a claim or defense that is legally insufficient on its face." *Campa v. Nationwide Prop. & Cas. Inc. Co.*, No. 4:10-CV-02707, 2010 WL 3733469, at *2 (S.D. Tex. Sept. 7, 2010) (cleaned up). In determining whether leave to amend should be granted or denied under Rule 15, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failures to cure any deficiencies, (4) undue prejudice, and (5) futility of amendment. *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir. 1998). If a court finds that the moving party has not satisfied Rule 16's good cause standard, it need not address the more lenient standard under Rule 15. *See Minton v. Intercontinental Terminals Co., LLC,* No. 4:19-CV-01460, 2023 WL 11857612, at *4 (S.D. Tex. Sept. 12, 2023).

### B. Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A reviewing court evaluates a motion under Rule 12(c) using the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Gentilello v. Rege,* 627 F.3d 540, 543–44 (5th Cir. 2010). To survive a Rule 12(c) motion, then, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965).

In applying that standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the nonmoving party. *See Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021). "In ruling, the district court is confined to the pleadings." *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001). If matters outside the pleadings are presented to and not excluded by the Court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III. DISCUSSION

### A. Motion for Leave

Cary seeks leave to file her Third Amended Complaint to address the deficiencies identified in HCC's Motion for Judgment on the Pleadings. (Dkt. No. 66 at 1). Cary states that although she was represented by counsel when she filed the Second Amended Complaint, she is unaware of why her prior counsel did not include these additional allegations. *Id.*

HCC opposes allowing amendment, arguing that Cary has not shown good cause under Rule 16 and that her proposed amendments would be futile under Rule 15. (Dkt. No. 69 at 2). Because Cary seeks to amend after the scheduling-order deadline, Rule 16(b)(4)'s good-cause requirement applies. (*See* Dkt. No. 51).

#### 1. Cary's Proposed Amendments

In an effort to cure the deficiencies identified in HCC's Rule 12(c) motion, Cary's proposed Third Amended Complaint identifies an additional comparator, William Johnson, but provides few details about his qualifications or requests for overload

courses. (Dkt. No. 67 at 17). It also provides additional details about her certifications, which she alleges qualified her to teach remote courses. (*Id.* at 16).

The proposed complaint further alleges that Cary filed complaints with HCC's Office of Equity and Inclusion in April 2014 and an EEOC charge in August 2014. (*Id.* at 18–19). Finally, Cary alleges, for the first time, that she was a victim of a hostile work environment. (*Id.* at 17–18).

### 2. <u>Cary Has Not Shown Good Cause Under Rule 16</u>

The Court's scheduling order set December 30, 2024, as the deadline for motions to amend pleadings. (Dkt. No. 51). The order further requires parties seeking leave to show good cause. (*Id.*). Cary does not identify circumstances demonstrating good cause under Rule 16. Instead, she explains that she is "unaware" why her prior counsel did not plead the "specifics of the claim" despite his knowledge of the above-stated allegations. (Dkt. No. 66 at 1). In fact, Cary concedes that the newly added information "was all available and in the file" of her prior attorney. (*Id.*).

Inadvertence or counsel's failure to recognize the significance of information available from the time of the original complaint does not establish good cause. *Banks v. Spence,* 114 F.4th 369, 372 (5th Cir. 2024) (discussing *S&W Enters.,* 315 F.3d at 535). True, at times, "prior counsel's actions or inactions might perhaps give rise to good cause." *McMahan v. U.S. Bank Nat'l Ass'n,* No. 4:22-CV-01525, 2024 WL 2242687, at *6 (S.D. Tex. Feb. 9, 2024). But even then, a party seeking amendment "is rightly expected to make some specific showing . . . that prior counsel's action or inactions *negatively impacted* the movant's case." *Id.* (citing *Leza v. City of Laredo,* 496 F.App'x 375, 377 (5th Cir. 2012))

(emphasis added). What's more, "[a] party who voluntarily chooses his attorney cannot avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R., Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386 (1962); *see also Compass Bank v. Villarreal,* No. 5:10-CV-00008, 2011 WL 13247454, at *3 (S.D. Tex. Sept. 15, 2011) ("The alleged oversight or negligence of the Defendants' former attorneys does not excuse violating the rules governing this lawsuit.").

Cary's explanation is insufficient to establish good cause because the proposed amendments concern facts that were available to her when she filed her original complaint in May 2022. (*See* Dkt. No. 1). Cary does not identify newly discovered information or other circumstances that prevented her from asserting these allegations before the deadline, let alone in her Original Complaint.

Additionally, Cary has not demonstrated how her prior attorney's decisions not to include these allegations in the Second Amended Complaint or seek prior amendment prevented her from timely seeking amendment. *See Leza*, 496 F.App'x at 377. And although some of the additional allegations may bear on the underlying discrimination or retaliation claims, they do not cure the separate municipal-liability deficiency discussed below—Cary's failure to plausibly connect the alleged HCC policy or custom to the employment decisions at issue. *See infra* III.B.

The Court finds that the remaining Rule 16 factors also favor denial. Even assuming the additional comparator, certification, and complaint allegations are relevant to Cary's underlying claims, they do not cure the absence of allegations plausibly connecting the alleged HCC policy or custom to Cary's injuries. *See infra* III.B. Moreover,

Cary seeks to add a new hostile-work-environment theory approximately four years into the litigation. Allowing that amendment would likely require additional discovery and motion practice. Although a continuance could mitigate some of the resulting timing prejudice, it would further delay resolution of a case that has already been pending for several years. Thus, the Court finds that Cary fails to demonstrate good cause to modify the scheduling order under Rule 16. Because Cary fails to satisfy Rule 16, the Court need not reach Rule 15's more liberal standard.

The Court denies Cary's Motion for Leave to File a Third Amended Complaint, (Dkt. No. 66). Accordingly, the Court strikes Cary's Third Amended Complaint, (Dkt. No. 67), because it was filed without leave of the Court.

**B. MOTION FOR JUDGMENT ON THE PLEADINGS**

Because the Court has denied Cary leave to amend, it considers HCC's Rule 12(c) Motion based on the allegations in Cary's operative pleading, the Second Amended Complaint. (Dkt. No. 19). Cary's Second Amended Complaint alleges claims of discrimination and retaliation under Section 1981, enforced against HCC through Section 1983. (*Id.*).

In *Monell v. Department of Social Services of the City of New York,* the Supreme Court held that Section 1983 does not permit plaintiffs to hold municipalities liable under a theory of *respondeat superior*. 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Instead, a Section 1983 claim is only actionable against a municipality when the "execution of [the] government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38. Section 1981 does not provide an independent cause of action

against local governmental entities; instead, a plaintiff asserting Section 1981 rights against a municipality must proceed through Section 1983. *Jones v. City of Hutto*, 154 F.4th 332, 335–36 (5th Cir. 2025) (citing *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)). Accordingly, *Monell's* limitations on municipal liability apply to Cary's claims. *Id.*

To establish municipal liability under Section 1983, a plaintiff must plausibly allege that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation" of the plaintiff's federally protected rights. *Jones*, 154 F.4th at 336. The "moving force" requirement demands a "direct causal link between the municipal policy and the [alleged] deprivation." *Id.* at 337 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001)). Thus, it is not enough to allege both an HCC policy and discriminatory or retaliatory employment decisions. Cary must plausibly connect the policy to the decisions that allegedly violated her Section 1981 rights.

Previously, Judge Hughes dismissed Cary's complaint without prejudice for failure to allege that any policy of HCC was the moving force behind the alleged denial of overload courses. (Dkt. No. 16). Although Cary was permitted the opportunity to amend her complaint, she still has not alleged facts plausibly connecting an HCC policy or custom to the discriminatory or retaliatory actions she alleges.

Cary's Second Amended Complaint broadly alleges that former HCC Chancellor Cesar Maldonado implemented a Displacement Policy that resulted in "the dismissal, demotion, displacement, and/or termination of Black employees at alarming and disproportionate rates." (Dkt. No. 19 at 8). But Cary does not allege facts connecting that policy to the denial of overload courses. Rather, she alleges that her supervisors, Chris

Carmean and Clint Galloway, denied her requests for overload courses. She does not allege that Carmean or Galloway participated in, implemented, or acted pursuant to the Displacement Policy. Instead, Cary alleges that Thomas Anderson, Janet May, and Maya Durnovo assisted Maldonado in carrying out the Displacement Policy. (*Id.*). Nor does the Second Amended Complaint allege facts connecting the Displacement Policy to the exclusion from remote-teaching opportunities that forms the basis of Cary's retaliation claim.

Thus, the Second Amended Complaint does not plausibly allege a causal connection between the Displacement Policy and either the denial of overload courses or the alleged retaliatory denial of remote-teaching opportunities. Without that connection, Cary has not adequately pled that the alleged violations resulted from an HCC policy or custom, as required by *Monell*.[3] Accordingly, Cary has failed to plead sufficient facts to state a plausible claim for municipal liability against HCC.

---

[3] In her Response to HCC's Motion for Judgment on the Pleadings, Cary alternatively argues that HCC should be liable by "omission" because it "had a legal 'non-delegable duty' and responsibility to put protective measures in place to mitigate and further protect" her. (Dkt. No. 65 at 5). That theory, however, is not supported by the facts alleged in the Second Amended Complaint. And Cary cannot cure a deficient pleading by asserting additional allegations or theories in her response to a Rule 12(c) motion. *See Hughes v. Tobacco Inst.,* 278 F.3d 417, 420 (5th Cir. 2001) ("In ruling, the district court is confined to the pleadings."). But even if the Court considered the argument, it would not alter the result. Municipal liability based on an omission requires deliberate indifference—that is, facts showing that the municipality disregarded a known or obvious consequence of its failure to act. *City of Canton v. Harris,* 489 U.S. 378, 396, 109 S.Ct. 1197, 1208–09, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring). Even liberally construed, Cary's allegations do not plausibly support an inference that HCC acted with deliberate indifference.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Cary's Motion for Leave to File her Third Amended Complaint, (Dkt. No. 66), **STRIKES** Cary's Third Amended Complaint, (Dkt. No. 67), and **GRANTS** HCC's Motion for Judgment on the Pleadings, (Dkt. No. 64). Cary's claims against HCC are therefore **DISMISSED WITH PREJUDICE**.

The Court will enter a separate final judgment.

It is SO ORDERED.

Signed on September 30, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**